IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3102-FL

| | |
|---|---|
| TROY GRANT DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORA GRAY MANSFIELD a/k/a ) | |
| PENNY MANSFIELD,[1] DR. CHANSON ) | |
| DEVAUL, PETER WOGLOM, and ) | |
| RAND CARTWRIGHT, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' unopposed motions for summary judgment (DE 23, 25). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motions.

**STATEMENT OF THE CASE**

On May 2, 2013, plaintiff, a former pretrial detainee at the Albemarle District Jail (the "jail"), filed this action pursuant to 42 U.S.C. § 1983, against defendants Albemarle County Sheriff Rand Cartwright ("Cartwright"), nurse Nora Gray Mansfield ("Mansfield"), Physician Assistant ("PA") Peter Woglom ("Woglom"), and Dr. Chanson Devaul ("Devaul"). Plaintiff alleged that defendants acted with deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment to the United States Constitution. Specifically, plaintiff alleged that he had

---

[1] This defendant notified the court that her name is Nora Gray Mansfield, but she is also known as Penny Mansfield. The Clerk of Court is DIRECTED to amend the court's docket to reflect this change.

nine back surgeries for degenerative disk disease prior to his incarceration at the jail. (Compl. p. 3.) Plaintiff further alleged that defendants were not responsive to his complaints of back pain or his complaints that the two mats and blanket the jail provided for his bed were inadequate. (Id.) Plaintiff asserted that these conditions resulted in extreme lower back pain, numbness in his genitals and right arm, as well as difficulties urinating. Plaintiff sought both injunctive relief and monetary damages.

On May 21, 2014, defendants Devaul, Mansfield, and Woglom filed a motion for summary judgment, arguing that plaintiff is unable to establish a constitutional violation. On the same date, defendant Cartwright filed a separate motion for summary judgment, also arguing that plaintiff is unable to establish a constitutional violation. Alternatively, each of the defendants asserted the affirmative defense of qualified immunity. Although plaintiff was notified of both motions, he did not respond to the pending motions for summary judgment.

## STATEMENT OF UNDISPUTED FACTS

The undisputed facts are as follows. Plaintiff's complaint involves the medical care he received while he was incarcerated at the jail beginning on April 9, 2013. (Mansfield Aff. ¶ 4.) On April 10, 2013, Nurse Ashley Byrum ("Byrum") performed an inmate intake medical screening. (Byrum Aff. ¶ 4 and Ex. 1 p. 5.) During the examination, plaintiff reported that he had been prescribed medications which were filled at Todd's Pharmacy, including Nexium (for gastrointestinal discomfort or heartburn from acid reflux), Tribenzor (for high blood pressure), Carvedilol (for high blood pressure), and Glimepiride (for diabetes). (Id. ¶ 5 and Ex. 1, p. 40.) Plaintiff brought with him to the jail prescription bottles for his Tribenzor, Carvedilol, and Glimepiride prescriptions, as well as an empty bottle of Nexium. (Id. ¶ 5.) Plaintiff did not report

2

taking any pain medications, nor did he report any back pain during his intake examination. (Id.) After plaintiff executed an authorization for release of medical information to the correctional facility, the jail obtained plaintiff's records from Todd's Pharmacy and Vidant Medical Center. (Id. ¶ 5 and Ex. 1 pp. 37-39 and 57-77.) Plaintiff's records from Todd's Pharmacy indicated that plaintiff had previously been prescribed Oxycodone, Fentanyl, and Diazepam, which had last been re-filled on March 21, 2013. (Id. and Ex. 1, p. 39.)

On April 10, 2013, Byrum entered orders for a low sodium diet, blood pressure and blood sugar checks, and for plaintiff to be given his regular diabetic medications. (Id. ¶ 7 and Ex. 1, p. 34.) Byrum also ordered sliding scale insulin, which directed that plaintiff's regular diabetic medications be supplemented with insulin if plaintiff's blood sugar level exceeded 200. (Mansfield Aff. ¶ 8.) Woglom approved the orders. (Woglom Aff. ¶ 5.)

On April 12, 2013, plaintiff submitted an inmate sick call request complaining of back pain and requesting an extra mat. (Mansfield Aff. ¶ 9 and Ex. 1, pp. 12, 32.) In response, Sade Lewis ("Lewis"), a licenced practical nurse, referred plaintiff's chart to Woglom for review and completed a back pain "Clinical Pathway" form. (Lewis Aff. ¶ 4.) Woglom reviewed plaintiff's chart on April 16, 2013, and determined that there was no medical indication for the provision of an extra mat and/or blanket. (Woglom Aff. ¶ 7 and Ex. 1, p. 34.) Woglom, however, did place several medical orders, including that plaintiff be given Amaryl for diabetes, that blood work be performed, and that plaintiff be given Clonidine and Zestril for hypertension. (Id.)

Also on April 16, 2013, plaintiff submitted a sick call request for a blood pressure check. (Mansfield Aff. Ex. 1, p. 14.) In response, Lewis saw plaintiff the next day. (Lewis Aff. ¶ 6 and Ex. 1, p. 14.) Lewis took plaintiff's blood pressure and determined that it was slightly elevated at

3

154/108.  (Id. ¶ 6 and Ex. 1, p. 14.)  Plaintiff was given an immediate dose of the medications Clonidine and Zantac, which were previously ordered, and Lewis indicated that the PA would address the issue of pain medication plaintiff's next visit.  (Id.)

On the same date, plaintiff submitted an inmate grievance form, complaining that he had not received any insulin.  (Mansfield Aff. ¶ 13 and Ex. 1, p. 13.)  Plaintiff also requested an extra mat and blanket.  (Id.)  Nurse Hope Johnson ("Johnson") responded to plaintiff's grievance and referred plaintiff's chart to Woglom for review.  (Johnson Aff. ¶ 3 and Ex. 1, p. 13.)  Woglom placed a voice order the next day approving an extra blanket for plaintiff.  (Woglom Aff. ¶ 8 and Ex. 1 pp. 31, 35.)

On April 21, 2013, plaintiff submitted an inmate sick call request complaining of neck and back pain, as well as the fact that the prescribed Zantac was not controlling his stomach acid. (Lewis Aff. ¶ 9 and Ex. 1 p. 16.)  In response, Lewis referred plaintiff to the PA.  (Id.)

Woglom examined plaintiff on April 23, 2013.  (Woglom Aff. ¶ 9 and Ex. 1 p. 33.)  During the examination, plaintiff reported, *inter alia*, chronic pain issues associated with his back and that he was on narcotic medication prior to his incarceration.  (Id.)  Woglom assessed plaintiff with chronic pain syndrome.  (Id.)  Woglom also discontinued the previously prescribed Zestril, due to patient non-compliance, but ordered that plaintiff receive Norvasc for hypertension, that plaintiff's Zantac be replaced with Prilosec to treat plaintiff's heartburn, and that plaintiff be provided Elavil and Neurontin for pain.  (Id. ¶ 9 and Ex. 1 p. 35.)  Plaintiff continued to be provided pain medication until his release on May 23, 2013.  (Id. Ex. 1 pp. 42-45.)  The record further reflects that plaintiff refused medical treatment on a number of occasions while at the jail.  (Mansfield Aff. ¶ 20.)

**DISCUSSION**

A.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.      Analysis

Defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

The court first determines whether defendants violated plaintiff's constitutional rights. Plaintiff alleges that defendants violated his Fourteenth Amendment rights because they were deliberately indifferent to his medical needs. As a pretrial detainee, plaintiff's claims are evaluated

5

under the Due Process Clause, rather than the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). However, the due process rights of detainees are at least coextensive with the Eighth Amendment rights of convicted prisoners, and perhaps greater. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997), abrogated on other grounds by, Wilkins v. Gaddy, 559 U.S. 34 (2010). Accordingly, plaintiff's Fourteenth Amendment due process claims will be analyzed under the Eighth Amendment.

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious"–and the second prong is subjective–the prisoner must show that "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (quotations omitted).

The court assumes, without deciding, that plaintiff is able to satisfy the objective prong of the Eighth Amendment test. Accordingly, the court focuses its inquiry on the second prong-whether defendants acted with deliberate indifference to his serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Mere negligence or malpractice in diagnosis or treatment

6

does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

  1. Cartwright

Plaintiff's allegations against Cartwright fail to state a claim because they are based upon a theory of *respondeat superior*, as opposed to supervisory liability, in that plaintiff failed to allege facts sufficient to establish any deliberate indifference, tacit authorization, or any personal involvement whatsoever on behalf of Cartwright. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 n. 58 (1978) (holding that *respondeat superior* is unavailable under § 1983); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth requirements to properly assert a supervisor liability claim under § 1983). Even if plaintiff had alleged personal knowledge on behalf of Cartwright, plaintiff still would not be entitled to relief because prison officials are entitled to rely on the judgment of medical personnel as to the appropriate medical treatment of inmates. Shakka, 71 F.3d at 167; Miltier v. Beorn, 896 F.2d 848, 854–55 (4th Cir. 1990), overruled on other grounds by, Farmer, 511 U.S. at 840.

To the extent plaintiff seeks to proceed against Cartwright based upon Cartwright's alleged participation in the grievance process, this claim also lacks merit because "participation in the administrative remedy proceedings is not the type of personal involvement necessary to state a claim based upon supervisor liability." Abdel-Aziz v. Johns, No. 5:07-CT-3095-FL, 2008 WL 4279696, at *3 (E.D.N.C. Sept. 15, 2008). Thus, the court finds that plaintiff failed to establish a constitutional violation against Cartwright, and Cartwright is entitled to qualified immunity.

7

2. Defendants Mansfield, Devaul, and Woglom

As for plaintiff's claims against Mansfield, Devaul, and Woglom, the record reflects that medical staff at the jail provided plaintiff with consistent medical care for his various medical conditions including diabetes, hypertension, acid reflux, and back pain. Regarding plaintiff's back pain, the record reflects that Woglom evaluated plaintiff's condition and prescribed him Elavil and Neurontin for pain. (Woglom Aff. ¶ 9 and Ex. 1 pp. 33, 35.) Woglom also ordered that plaintiff be provided an extra blanket for head support. (Id. ¶ 8 and Ex. 1, p. 35.) Based upon the foregoing, plaintiff's complaints amount to nothing more than a disagreement as to the proper medical treatment, which is insufficient to establish a constitutional violation. See, Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Further, to the extent plaintiff alleges that defendants' treatment may not have been effective, this does not give rise to a constitutional violation. See, e.g., Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); see also, Starling v. United States, 664 F. Supp. 2d 558, 569-70 (D.S.C. 2009) ("The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation."). Moreover, plaintiff's requests for particular medications, such as narcotics, amount to nothing more than a disagreement over the proper course of treatment. As stated, such a disagreement does not constitute an Eighth Amendment claim. See Wright, 766 F.2d at 850. Finally, plaintiff has not presented any evidence to suggest that defendant Mansfield, Devaul, or Woglom knew of and disregarded any of plaintiff's medical needs. Therefore, because plaintiff has not established the subjective element of his Eighth Amendment deliberate indifference claim, there is no constitutional violation. Based upon the foregoing, Mansfield, Devaul, and Woglom also are entitled to qualified immunity.

## CONCLUSION

Based upon the foregoing, defendants' motions for summary judgment (DE 23, 25) are GRANTED. The Clerk of Court is DIRECTED to amend the court's docket to reflect the correct name for defendant Nora Gray Mansfield. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 4th day of February, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge